UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC F. GARRISON,<br><br>          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br><br>          Defendant. | CASE NO. C13-0326JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I.  INTRODUCTION

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge James P. Donohue (R&R (Dkt. # 23)), and Plaintiff Eric Garrison's objections thereto (Objections (Dkt. # 25)).  This is a social security case, and the parties dispute whether Mr. Garrison is entitled to benefits.  Having carefully reviewed all of the foregoing, along with all other relevant documents, and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 23) and DISMISSES Mr. Garrison's complaint (Dkt. # 3) with prejudice.

ORDER- 1

## II.  BACKGROUND

Mr. Garrison applied for and was denied Supplemental Security Income ("SSI"). (R&R at 2.) After his application was denied, he requested a hearing in front of an Administrative Law Judge ("ALJ"). (*Id.*) The ALJ conducted a hearing and found that Mr. Garrison was not disabled. (*Id.*) Mr. Garrison appealed that decision to this court (*id.*), and Magistrate Judge James Donohue issued a report and recommendation recommending that the ALJ's decision be affirmed and the case be dismissed (*id.* at 11).

## III.  STANDARD OF REVIEW

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.*

## IV.  DISCUSSION

Mr. Garrison makes four objections, and those objections can be lumped into two categories: (1) objections asserting that the Magistrate Judge erred in accepting the ALJ's assessment of medical evidence (*see* Objections at 1-6); and (2) an objection

asserting that the Magistrate Judge erred in finding that Mr. Garrison had waived any objection to the ALJ's adverse credibility determination (*id.* at 6). None of Mr. Garrison's objections raise any novel issues that were not addressed by Magistrate Judge Donohue's report and recommendation. Moreover, the court has thoroughly examined the record before it and finds the Magistrate Judge's reasoning persuasive in light of that record.

The court's review of the ALJ's findings is limited. A district court may only "reverse the ALJ's decision to deny benefits . . . if [the ALJ's decision] is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id.* (quoting *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.1999)) (internal quotation marks omitted). Generally, "[t]he ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "'[W]here the evidence is susceptible to more than one rational interpretation,' the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (quoting *Andrews*, 53 F.3d at 1039-40).

**A.    The ALJ Did Not Err in Assessing Medical Evidence**

The court agrees with Magistrate Judge Donohue that the ALJ did not err in

assessing the medical evidence in the record. (R&R at 7.) Mr. Garrison specifically objects to the ALJ's evaluation of the reports by Dr. Youdelis-Flores (Objections at 1-4), Dr. Widlan (*id.* at 4-5), and Dr. Wieneke (*id.* at 5-6). The ALJ found that each doctors' report was either contradicted by other medical evidence in the record or was unreliable for other reasons. (*See* R&R at 8 ("In light of other findings showing that Plaintiff had performed better on other mental status examinations, the ALJ reasonably interpreted Dr. Youdelis-Flores's findings to be less persuasive as to Plaintiff's capabilities."); *id.* at 10 ("The ALJ properly considered the inconsistency between Dr. Widlan's opinion and Plaintiff's daily activities in assessing Dr. Widlan's opinion."); *id.* at 11 ("[T]he Antioch treatment notes and Plaintiff's daily activities were inconsistent with the psychological assessment" co-signed by Dr. Wieneke who "did not participate in the interviews that formulated the basis of the report.").

The ALJ discounted each report "for specific and legitimate reasons . . . supported by substantial evidence in the record." *See Kelly v. Astrue*, 471 F. App'x 674, 677 (9th Cir. 2012) (quoting *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). And although this evidence "'is susceptible to more than one rational interpretation,' the ALJ's decision must be affirmed." *See Vasquez*, 572 F.3d at 591 (quoting *Andrews*, 53 F.3d at 1039-40). Thus, Magistrate Judge Donohue did not err in evaluating the ALJ's rejection of the above medical evidence. As such, Mr. Garrison's objections are overruled.

Furthermore, the bulk of the authority cited by Mr. Garrison in support of these objections is inapplicable. For example, *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001), does not apply here because it addresses the transferability of certain

"activities such as walking in the mall and swimming" to "the work setting with regard to the impact of pain," not mental impairment.  Likewise, *Fair v. Bowen*, 885 F.2d 597, 602-03 (9th Cir. 1989) is not relevant because it addresses "excess pain" and "pain testimony."  Similarly, *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1039 (9th Cir. 2003) does not support Mr. Garrison's assertion that "[c]o-signature cannot be used to reject an acceptable source opinion."  *See also Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (same).

**B.     The Plaintiff Waived Any Objection to the ALJ's Credibility Determinations**

The court also agrees with Magistrate Judge Donohue that Mr. Garrison waived any objection to the ALJ's adverse credibility determination. (R&R at 6.)  The Ninth Circuit "has repeatedly admonished that we cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)).  Courts only review "issues which are argued specifically and distinctly in a party's opening brief."  *Id.* (quoting *Greenwood*, 28 F.3d at 977) (internal quotation marks omitted).  "Significantly, '[a] bare assertion of an issue does not preserve a claim.'" *Id.* (quoting *D.A.R.E. America v. Rolling Stone Magazine*, 270 F.3d 793, 793 (9th Cir. 2001)).

The court agrees with Magistrate Judge Donohue that Mr. Garrison's opening brief "fails to identify a specific error in the ALJ's credibility determination." (R&R at 6.)  Mr. Garrison's opening brief only contains bare assertions. (*See id.*; Opening Brief at

ORDER- 5

1  1.) Furthermore, the first time Mr. Garrison addresses any "of the specific factors

2  identified by the ALJ" regarding its credibility determination is "in his Reply Brief"

3  (R&R at 6 (citing Reply Brief (Dkt. # 22 at 1-5))), which is improper and will not be

4  considered. *See Indep. Towers*, 350 F.3d at 929. Thus, by failing to object to the ALJ's

5  credibility determination in his opening brief, Mr. Garrison waved that objection.

6  V.  CONCLUSION

7  Based on the foregoing analysis, the court OVERRULES Mr. Garrison's

8  objections (Dkt. # 25), ADOPTS the Report and Recommendation (Dkt. # 23) in its

9  entirety, AFFIRMS the decision of the ALJ, DISMISSES Mr. Garrison's complaint (Dkt.

10 # 3) with prejudice, and ORDERS the Clerk to direct copies of this Order to all counsel

11 of record and Magistrate Judge Donohue.

12 Dated this 4th day of November, 2013.

13

14  _____
    JAMES L. ROBART
15  United States District Judge

ORDER- 6